N. Y. T. & M. R'y Co. v. T. S. SUTHERLAND.·

(No. 1991.)

APPEAL from Jackson County.   Opinion by WHITE, P. J.

GLASS & CALLENDER, counsel for appellant.

No counsel appeared for appellee.

§ **140.** *Master; liability of, for act of servant; rule as to; case stated.*   Appellee brought this suit to recover damages for the killing of a jack by an engine, which engine was at the time being run and operated as alleged by appellant.   The defense was that the said engine was not operated and controlled at the time by appellant, but was operated and controlled by a contractor for the construction of appellant's road; and further that at the time said jack was killed said engine was being run by a party who was not acting in the service of either appellant or said contractor.   The evidence shows that the jack was killed by an engine on the night of June 20, 1884,— near a wood-yard — about five miles east of the town of Edna.   A man named McFarland, who was in no way connected with appellant, had died at Ganado, a station nine miles east of Edna, and a coffin in which to inter him had been made at Edna, but was not finished until after 10 o'clock on the night the jack was killed. There was at Edna on that night an engine and tender belonging to said contractor, and the engineer in charge thereof offered to carry the coffin to Ganado that night, saying that he would have to run the engine to Ganado the next morning anyway to get water, and that he might as well go that night as to wait until morning. He accordingly took the coffin and ran the engine and tender to Ganado on that night, and it was by this engine, while thus operated, that the jack was killed.   It was proved by appellant that engineers of construction

trains were under orders to lie up at night on side tracks, and were not allowed to run on the main track at night between 7 o'clock P. M. and 6 o'clock A. M., unless by special permission or order. That the engineer who ran the engine on the night the jack was killed, ran it without the consent of appellant, or of said contractor, and in direct violation of orders, and was, on the next day, discharged from employment because of such disobedience of orders. Appellee recovered judgment for $150 and costs. *Held:* The question to be determined is the liability of appellant for the acts of said engineer in operating said engine on that night in violation of orders. "The doctrine which once obtained, that the master is not liable for the wilful wrong of his servant, is now understood as referring to an act of positive and designed injury not done with a view to the master's service, or for the purpose of executing his orders. The company, however, is not liable for the torts of a servant outside of the course of his employment, as where he is acting with a view to effect an independent purpose of his own, and not to execute the orders of the company; and he is not deemed in such act to be its servant, although employed generally at the time in its service. It is here, as is often the case, easier to state the limitation of the doctrine than to apply it. Whether the servant did the act with a view to his master's service, or to serve a purpose of his own, is a question for the jury." [Pierce on Railroads, 279.] In order to hold the master responsible for the act of his servant, "the negligence must arise in the course of the employment. If the servant depart from the employment for purposes of his own, the master is not responsible for his negligence, even though at the time he may be making use of his master's implements or vehicles which have been intrusted to him in the business." [Mitchell v. Cressweller, 13 C. B. 237; Aycrigg v. R. R. Co. 30 N. J. 460; Bard v. Yohn, 26 Penn. St. 482.] The rule with regard to the master's liability for acts of a servant outside of authority, "implies that the

master will not, in any case, be liable for wrongs committed by the servant while not acting in his master's business; or, what is substantially the same thing, while not acting within the scope of his authority. This rule is so reasonable that the grounds on which it rests needs scarcely be suggested. . . . In cases where the relation of master and servant subsist by virtue of a *contract*, and the servant, instead of doing that which he is employed to do, does something which he is not employed to do at all, the master cannot be said to do it by his servant, and the maxim *qui facit per alium, facit per se*, does not apply. In other words, if the servant steps aside from his master's business, for how short a time soever, to commit a wrong not connected with such business, the relation of master and servant will be deemed to have been for the time suspended; the act will be treated as the personal act of the servant, and he alone will be responsible for it." [2 Thomp. on Neg. 885, 886.] Applying these well established principles of law, to the facts in this case, we are of opinion that appellee has failed to show a cause of action against appellant, and is not entitled to recover herein.

March 13, 1886.          Reversed and remanded.